UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ANTONIO NEAL TOWNSEND, through his Conservator and Guardian ad Litem JACQUELINE TOWNSEND,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF SANTA CRUZ, et al.,<br><br>Defendants. | Case No. 19-cv-00630-BLF<br><br>**INTERIM ORDER FINDING PROPOSED SETTLEMENT TO BE FAIR AND REASONABLE; AND DEFERRING DISBURSEMENT OF ANY SETTLEMENT FUNDS** |

On November 10, 2021, the Court held an in camera hearing to review the terms of the proposed settlement in this case, and to address concerns raised by Plaintiff Antonio Neal Townsend's Conservator and Guardian ad Litem, Jacqueline Townsend, and by Plaintiff's counsel. Because Ms. Townsend and Plaintiff's counsel wished to discuss Plaintiff's personal medical and financial issues, they requested that the hearing be limited to Ms. Townsend, Plaintiff's counsel, the undersigned, and court staff. Plaintiff's counsel represented that Defendants had no objection to that request. The Court finds compelling reasons to seal the hearing and the recording and transcript thereof, given the sensitivity of Plaintiff's personal medical and financial issues that were the subject of the hearing. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101-02 (9th Cir. 2016). The Court separately has granted Plaintiff's motion to seal certain materials submitted in connection with the in camera hearing. This order refers only to documents that have been filed on the public docket.

1  "District courts have a special duty, derived from Federal Rule of Civil Procedure 17(c), to
2  safeguard the interests of litigants who are minors." *Robidoux v. Rosengren*, 638 F.3d 1177, 1181
3  (9th Cir. 2011). "In the context of proposed settlements in suits involving minor plaintiffs, this
4  special duty requires a district court to conduct its own inquiry to determine whether the
5  settlement serves the best interests of the minor." *Id*. (quotation marks and citation omitted). The
6  district court's inquiry is limited to considering "whether the net recovery of each minor plaintiff
7  is fair and reasonable, without regard to the amount received by adult co-plaintiffs and what they
8  have agreed to pay plaintiffs' counsel." *Id*. at 1182. "So long as the net recovery to each minor
9  plaintiff is fair and reasonable in light of their claims and average recovery in similar cases, the
10  district court should approve the settlement as proposed by the parties." *Id*. "District courts have
11  extended the *Robidoux* inquiry to cases involving the approval of an incompetent plaintiff's
12  settlement." *Motlagh v. Macy's Corp. Servs., Inc.*, No. 19-CV-00042-JLB, 2020 WL 7385836, at
13  *2 (S.D. Cal. Dec. 16, 2020) (collecting cases).

14  In the present case, Defendants County of Santa Cruz and Telecare Corporation have
15  agreed to pay a gross settlement amount of $5,500,000. *See* Plaintiff's Status Report, ECF 135.
16  Those funds will be allocated as follows:

| | |
|---|---|
| Gross Settlement: | $5,500,000.00 |
| Less cost advanced: | $221,654.011 |
| Net Settlement: | $5,278,345.99 |
| Less 40% Contingency Fee: | $2,111,338.402 |
| Less Medical Liens: | $670,797.963 |
| Net Amount Remaining for Plaintiff: | $2,496,209.63 |

23  *See id.* at 2.

24  The Court finds the settlement overall, and the proposed allocation, to be fair and
25  reasonable. Only one of Plaintiff's claims survived summary judgment, a claim asserted under 42
26  U.S.C. § 1983. Plaintiff submits a declaration of counsel describing the significant amount of
27  work that went into litigating this case prior to settlement, and providing examples of recoveries in
28  similar cases that make clear that this settlement is an excellent result for Plaintiff. *See* Decl. of G.

2

Dana Scruggs, ECF 138.  The $2,496,209.63 net recovery to Plaintiff will allow him to obtain specialized medical care that is necessary in light of his injuries.  That settlement amount is fair and reasonable in light of the uncertainties of a trial outcome where Defendants have asserted credible defenses to Plaintiff's claims.  Accordingly, the settlement and allocation are APPROVED.

The Court DEFERS DISBURSEMENT of any settlement funds, however.  It became clear during the in camera hearing that the parties need to take further steps to finalize the settlement agreement.  Accordingly, no settlement funds are to be transferred to Plaintiff or his representatives pending further order of the Court.

**IT IS SO ORDERED.**

Dated:  November 12, 2021

_____
BETH LABSON FREEMAN
United States District Judge